IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT G. RUNDQUIST, <br><br> Defendant. | Case No. 24-2418-HLT-ADM |

**REPORT AND RECOMMENDATION**

On September 12, 2024, pro se defendant Scott G. Rundquist ("Rundquist") removed the criminal case pending against him in the District Court of Wyandotte County, Kansas, to this federal court. (ECF 1-1, 12.) In that case, Kansas charged Rundquist with aggravated battery, domestic battery, and criminal restraint. (ECF 1-1, at 1.) Rundquist purports to remove the case under 28 U.S.C. § 1443 "because the criminal prosecution against [him] violates . . . [his] rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as 42 U.S.C. § 1983" and because he "is unable to enforce these rights in state court due to systemic bias and procedural obstacles, as evidenced by the repeated denial of access to court records and failure to respond to properly filed motions." (ECF 12, at 6.)

"Under 28 U.S.C. § 1443, a defendant may remove a state criminal prosecution to federal court under certain circumstances." *Pledger v. Kansas*, 686 F. App'x 593, 594 (10th Cir. 2017). Specifically, § 1443(1) allows a criminal defendant to remove a state-court criminal prosecution if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Supreme Court has established a "narrow" two-

1

part test for § 1443(1) removal petitions. *See Colorado v. King*, No. 12-cr-00052, 2012 WL 502446, at * 2 (D. Colo. 2012) (summarily remanding case for failure to meet the two-part test); *see also Taos Cty. Magistrate Court v. Currier*, 625 F. App'x 358, 360 (10th Cir. 2015) (citing two-part test set forth in *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of *racial* equality." *Johnson*, 421 U.S. at 219 (emphasis added). "Second, it must appear 'that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.'" *Taos Cty.* 625 F. App'x at 361 (quoting *Johnson*, 421 U.S. at 219). Under the second prong, "it [is] not enough to support removal to allege that federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Johnson*, 421 U.S. at 222 (quotation omitted). "Instead, a removal petitioner must show that 'it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Taos Cty.* 625 F. App'x at 361 (quoting *City of Greenwood v. Peacock,* 384 U.S. 808, 828 (1966)).

Here, Rundquist's removal petition fails both prongs of the *Johnson* test. Under the first prong, Rundquist "did not allege a violation of a federal law stated in terms of racial equality." *Id.* (holding allegations of an Americans with Disabilities Act violation did not satisfy the *Johnson* test for removal). Rather, Rundquist states that Kansas is denying his rights to "familial association" and due process by, for example, not allowing him contact with his children and improperly filing his "counterclaims" in the criminal action. (ECF 12, at 2-4.) He makes no allegation that Kansas has denied him rights based on his race.

2

Under the second prong, Rundquist has not alleged that Kansas law prevents him from vindicating his rights in state court.  Instead, he complains of state officials denying him access to court records and failing to respond to his motions.  Because these allegations do not refer to an explicit state "law that would deny him civil rights in state court, they are insufficient to support removal."  *Taos Cty.* 625 F. App'x at 361.

**In light of the foregoing, the court recommends that the presiding district judge remand this case to the District Court of Wyandotte County, Kansas, pursuant to 28 U.S.C. § 1447(c).**

Rundquist is informed that, within 14 days after he is served with a copy of this report and recommendation, he may file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  He must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.

The Clerk is directed to send copies of this report and recommendation to Rundquist via certified and regular mail.

**IT IS SO ORDERED.**

Dated September 24, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
