IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS, STATE OF,

Plaintiff,

v.

SCOTT G. RUNDQUIST,

Defendant.

Case No. 2:24-CV-02418-HLT-ADM

# ORDER

Pro se defendant Scott G. Rundquist[1] removed this criminal action from Wyandotte County District Court. Doc. 1; Doc. 12. Rundquist was charged in the underlying criminal case with aggravated battery, criminal restraint, and domestic battery. Doc. 1-1 at 1. He seeks to remove that matter to federal court on grounds that the criminal case violates his First, Fourth, Fifth, and Fourteenth Amendment rights, as well as 42 U.S.C. § 1983. Doc. 12 at 6. He claims he is "unable to enforce these rights in state court due to systemic bias and procedural obstacles, as evidenced by the repeated denial of access to court records and failure to respond to properly filed motions." *Id.* He therefore sought removal under 28 U.S.C. § 1443.

The magistrate judge issued a Report and Recommendation ("R&R") recommending that the undersigned remand this case to state court. Doc. 19. The R&R states that the limited circumstances in which criminal cases can be removed to federal court are not met here. *Id.* at 2. Specifically, Rundquist did not allege a violation of federal law regarding racial equality, and he has not alleged Kansas law prevents him from vindicating his rights in state court. *Id.* at 2-3. The

---

[1] Because Rundquist proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

R&R recommended that this case be remanded to state court and notified Rundquist he had 14 days to file objections. *Id.* at 3.

Rundquist timely filed an objection. Doc. 21. Rundquist argues that the R&R applied "an overly narrow interpretation of 28 U.S.C. § 1443" that "fails to account for the evolving landscape of civil rights and the broader scope of constitutional protections that have emerged since [*Johnson v. Mississippi*] was decided in 1966." *Id.* at 2. He argues that § 1443 should be expanded to include constitutional rights beyond those linked to racial equality and that the constitutional violations he alleges, "while not explicitly racial in nature, fall within the broader scope of civil rights protections that § 1443 was intended to address." *Id.* at 2, 4. He argues that various state statutes are being misapplied in his case, *id.* at 2-3, and that the state court has ignored his arguments and motions, *id.* at 3. Although the R&R found that no state law specifically prevented Rundquist from pursuing his rights in state court, Doc. 19 at 3, Rundquist argues this "narrowly focuses on the absence of an explicit state law preventing the enforcement of civil rights, ignoring the practical realities of how state court procedures and practices can effectively deny these rights," Doc. 21 at 4. Finally, Rundquist makes substantive arguments about the alleged constitutional and procedural violations in his underlying criminal prosecution. *Id.* at 5-16.[2]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections, and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[2] The objection also states that Rundquist's intent was to remove under 28 U.S.C. § 1443 but that he cited the wrong statute, and the Court should therefore consider removal under § 1443. Doc. 21 at 1-2. However, the amended removal notice and original removal notice both cited § 1443. Doc. 1 at 4; Doc. 12 at 6. The R&R analyzed the removal under § 1443 and did not suggest that Rundquist relied on the wrong statute. Doc. 19 at 1. There was no finding that the removal was procedurally defective due to citation of the wrong statute.

The Court has reviewed Rundquist's objection de novo, as well as the R&R. Under 28 U.S.C. § 1443(1), a criminal defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," may remove the case to federal court. More specifically, however, a "defendant may remove a criminal case to federal court under § 1443(1) if: (1) 'the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality'; and (2) 'the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.'" *Colorado v. Carrillo*, 644 F. App'x 826, 827 (10th Cir. 2016) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Rundquist's removal fails under broth prongs. First, Rundquist's removal was improper because he is not pursuing rights involving racial equality. Rather, he appears to be challenging the propriety and procedure of an underlying criminal case involving a domestic dispute.[3] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. Rundquist's objection suggests the Court should expand on the standard stated in *Johnson*. *See* Doc. 21 at 5 (noting that the Court "should consider a broader interpretation" of the standard for removal under § 1443). But *Johnson* is binding authority on this Court, and it is bound to follow applicable Tenth Circuit and Supreme Court precedent. Further, the cases he cites in support of this argument predate the *Johnson* case. *See id.* at 3.[4]

---

[3] Rundquist's substantive claims are for violation of the First Amendment right to association regarding contact with his children, violation of due process involving his state-court legal matters, denial of access to courts involving his state-court legal matters, and violation of equal protection. Doc. 12 at 6-7.

[4] In at least one of the cases, Rundquist suggests removal was allowed. Doc. 21 at 3. It was actually denied. *See People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Despite their ingenious effort to attack the state prosecution in terms of the Civil Rights Act of 1964, it is clear that the rights that they assert spring, not from specific statutory grants, but from the broad protections of the First and Fourteenth Amendments. Such rights are not within the coverage of section 1443."). Another case was not a criminal matter, involved a different subsection

Rundquist's removal fails under the second prong as well. That prong requires a formal expression of state law that prevents an individual from enforcing federal rights in state court. *Johnson*, 421 U.S. at 219. In other words, it is not enough that the alleged denial of rights is simply a function of how the state court case is being managed. *See id.* at 219-22. Here, the gist of Rundquist's complaint seems to be with how the state court is managing his prosecution, not that a formal state law is preventing him from vindicating federal rights. This is not sufficient under § 1443(1). *See id.* at 222 (noting that it is not enough to allege "that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court" (internal quotation and citation omitted)).

Given this, the Court finds that the R&R correctly found this case was improperly removed and should be remanded.

THE COURT THEREFORE ORDERS that the Report and Recommendation (Doc. 19) is ADOPTED as the order of the Court. This case is REMANDED to the District Court of Wyandotte County, Kansas. The Court directs the Clerk of Court to take all necessary steps to effectuate this remand.

IT IS SO ORDERED.

Dated: October 25, 2024                    /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE

---

of § 1443, and did involve a claim of racial equity. *Bohlander v. Indep. Sch. Dist. No. One of Tulsa Cnty., Okl.*, 420 F.2d 693, 694-95 (10th Cir. 1969).